UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Zena M. W.,

                    Plaintiff,

v.

Frank Bisignano, Commissioner of Social
Security,

                    Defendant.

Civil No. 3:24-CV-01880 (VDO)

May 19, 2026

## RULING ON PLAINTIFF'S INTERIM MOTION FOR APPROVAL OF 42 U.S.C. § 406(b) ATTORNEY'S FEES

Pending before this Court is Plaintiff's Interim Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b)(1) of the Social Security Act (the "Act"). [1] ECF. No. 22. Defendant, Commissioner of Social Security ("Commissioner") filed a response in its limited role as a quasi-trustee, setting forth the history of the case and applicable standard for the Court's consideration. ECF No. 23. For the reasons that follow, the Plaintiff's Motion is GRANTED. ECF No. 22.

### I.      PROCEDURAL BACKGROUND

Attorney Ivan M. Katz has represented Plaintiff since at least August 21, 2015, before this court for judicial review of the Commissioner's unfavorable rulings. *See* ECF No. 22, at 5. Plaintiff and Attorney Katz entered into a contingency fee agreement whereby counsel would receive a fee in the amount of twenty-five percent of the past-due benefits awarded. ECF No. 22-2.

Plaintiff filed an application for Social Security disability insurance benefits on December

---

[1]      Plaintiff states that "[t]his is an interim fee motion in that as of the date hereof, there has been no notice of award issued with respect to Plaintiff's then-minor children." ECF No. 22, n.2. Plaintiff will file a supplemental attorney's fees motion after a Notice of Award issues. *Id.*

28, 2012 with an alleged onset date of disability of June 1, 2009. Plaintiff's claim for benefits was denied on December 6, 2012, and upon reconsideration on February 22, 2013. Thereafter, Plaintiff filed a written request for a hearing before an Administrative Law Judge (ALJ). On May 5, 2014, ALJ Kuperstein issued an unfavorable decision. denying Plaintiff's application for disability benefits. Plaintiff appealed the ALJ's denial to the Appeals Council. On June 26, 2015, the Appeals Council denied Plaintiff's request for review.

On August 26, 2015, Plaintiff's counsel commenced an action on behalf of Plaintiff pursuant to 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383 (c) (3) seeking to review the decision of the Commissioner of Social Security. *Williams v. Colvin*, 3:15-cv-01291-AWT. Plaintiff filed a Motion to Reverse the Decision of the Commissioner on February 2, 2016. ECF No. 20. On April 22, 2016, Defendant filed a Motion to Affirm the Decision of the Commissioner. ECF No. 23. On March 13, 2017, Judge Thompson denied Defendant's Motion to Affirm and granted Plaintiff's Motion to Reverse the Decision of the Commissioner and remanded the case to the Commissioner for a *de novo* hearing before an ALJ. ECF No. 26. Judgment entered on March 29, 2017. On June 20, 2017, the Court approved a stipulation for allowance of fees under the Equal Access to Justice Act ("EAJA") in the amount of $7,000. ECF No. 29.

After the remand, on May 16, 2019, ALJ Kuperstein held a second administrative hearing in Plaintiff's case. On September 19, 2019, ALJ Kuperstein issued another decision denying Plaintiff's application for disability benefits. On January 2, 2020, Plaintiff filed an action pursuant to 42 U.S.C. § 405(g) seeking to review ALJ Kuperstein's second denial of Plaintiff's application for Title II disability benefits. *Williams v. Saul*, 3:20-cv-00001-AWT. ECF No. 1. Following the filing of Plaintiff's Motion to Reverse, the Commissioner filed a Motion for Remand on consent that was granted on July 1, 2020. ECF No. 13, 14. Judgment entered on July 28, 2020. ECF No. 15. The Court approved a stipulation for allowance of fees under the EAJA in the amount of

$8,000. ECF No. 17.

On July 27, 2022, a third administrative hearing before an ALJ was held in Plaintiff's case. This time, the hearing was held before a new ALJ, Ronald J. Thomas. On May 1, 2023, ALJ Thomas issued an unfavorable decision in Plaintiff's claim. On November 26, 2024, Plaintiff filed a third action 42 U.S.C. § 405(g) seeking to review ALJ Thomas' denial of Plaintiff's application for Title II disability benefits. *Williams v. Saul*, 3:24-cv-01880-VDO. ECF No. 1. Soon after the filing of the administrative record, the Commissioner filed a Motion for Remand to the Agency. ECF No. 16. Judgment entered on April 21, 2025. ECF No. 18. The Court approved a stipulation for allowance of fees under the EAJA in the amount of $4,238.16. ECF No. 21. On March 4, 2026, ALJ Eskunder Boyd issued a decision finding Plaintiff disabled from June 1, 2013 forward. ECF No. 22 at 1.

## II.    TIMELINESS OF THE MOTION

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

On March 22, 2026, the Administration issued a Notice of Award ("NOA") from which it can be determined that Plaintiff's retroactive benefit was $198,132.92, advising that it was withholding twenty-five percent of the total past-due benefits, or $49,533.23, for the satisfaction of attorney's fees pursuant to Section 406(b) of the Act. ECF No. 22 at 1; 22-1 at 1-8.

Plaintiff filed this Motion for Approval of 42 U.S.C. § 406(b) Interim Attorney's Fees on April 7, 2026. Accordingly, the Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees  was timely filed.

### III.    THE REASONABLENESS OF THE REQUESTED FEE.

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed twenty-five percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than twenty-five percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching

in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $49,533.23, which is not greater than 25 percent of the statutory cap of Plaintiff's past-due benefits. ECF No. 22-1 (NOA in the amount of $198,132.92 in past-due benefits). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. ECF No. 22-2. Counsel's law firm provided effective representation of Plaintiff's interests since August 2015, for over ten years, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level. Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $509.60 ($49,533.23.00 divided by 97.20 hours) for work performed over the course of several years. ECF No. 22 at 6. The Court

finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Attorney Katz's efforts resulted in obtaining a "Sentence Four" remand three times and ultimately a favorable ruling by the ALJ awarding a retroactive benefit as of June 1, 2013. ECF No.22. The effective hourly rate of $509.60 is within the range of other Section § 406(b) fee awards approved in this Circuit. *See e.g.*, *Fields,* 24 F.4th at 854-56 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301 (MEG), 2023 WL 3737712, at *3 (D. Conn. May 31, 2023) (effective hourly rate of $1,100.82 was reasonable); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (the hourly rate of $1,506.32 was reasonable); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $509.60 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitably uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $19,238.16 to Plaintiff received in the three cases. ECF. No. 22 at 6. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees , (ECF No. 22) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall

be paid attorneys' fees in the amount of $49,533.23 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund to Plaintiff the previously awarded EAJA fee of $19,238.16 and certify the refund to the Court within fourteen days of the transaction. The Court also notes that Plaintiff's counsel has waived his right to charge and collect a fee under Section 206(a) of the Social Security Act for work performed at the agency level.

This is not a Recommended Ruling. This is an order regarding attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made. *See Vainwright v. Berryhill*, No. 3:15CV01025(JCH)(SALM), 2017 WL 3493608, at *3 (D. Conn. Aug. 15, 2017)(ruling on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)).

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge